IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL VEROSKO )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>MICHAEL NOLAN, et al, )<br>    Defendants. )<br>) | C.A.No. 10-25 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

**II.   REPORT**

    **A.   Relevant Procedural History**

Plaintiff, acting pro se, filed the instant civil rights action February 2, 2010. By Order dated March 3, 2010, Plaintiff was ordered to file an Authorization form allowing the filing fees in this action to be paid to the Clerk of Courts. The Order stipulated that such Authorization be filed before March 23, 2010. To date, Plaintiff has not filed the Authorization form.

By Order dated April 21, 2010, this Court directed that Plaintiff should show cause for his failure to file the Authorization form before April 30, 2010, or risk dismissal of this case. To date, Plaintiff has not attempted to show cause for his failure to file the Authorization.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis

v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case.  Further, Plaintiff has ignored orders by this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                  <u>S/Susan Paradise Baxter</u>
                                  SUSAN PARADISE BAXTER
                                  UNITED STATES MAGISTRATE JUDGE

Dated: May 10, 2010